UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

MICHAEL CICERO,

                Petitioner,                **MEMORANDUM & ORDER**
                                                                  19-MC-1143 (MKB)

                v.

UNITED STATES OF AMERICA,

                Respondent.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Petitioner Michael Cicero, proceeding *pro se*, filed the above-captioned petition to seal or expunge the record in *United States v. Cicero*, No. 95-CR-483 (E.D.N.Y. Dec. 29, 1995), on the grounds that he has conducted himself well since his conviction and his criminal record has affected his employment opportunities. (*See* Pet'r Mot. to Expunge ("Pet'r Mot.") 3–4, Docket Entry No. 1.)[1] The government opposes the petition arguing that the Court lacks jurisdiction to grant the relief Petitioner seeks. (Letter dated July 14, 2019 ("Gov't Opp'n"), Docket Entry No. 4.)

For the reasons set forth below, the Court denies Petitioner's motion without prejudice for lack of jurisdiction.

**I.   Background**

On August 3, 1995, Petitioner pled guilty to dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). (Gov't Opp'n 1.) On October 17, 1995, Judge Charles P. Sifton sentenced Petitioner to eighteen months of imprisonment followed by two years of

---

[1] Because Petitioner's motion is not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

supervised release. (J. of Conviction, *United States v. Cicero*, No. 95-CR-483 (E.D.N.Y. Dec. 29, 1995).) On April 29, 2019, Petitioner filed the instant petition to seal or expunge his criminal record.[2] Petitioner states that he has obtained a college degree, is pursuing a graduate degree, is raising two daughters, and has been consistently employed. (Pet'r Mot. 3–4.) On one occasion, he "was forced to resign from a job due to [his conviction]." (*Id.* at 3.)

The government opposes the petition on jurisdictional grounds, arguing that in light of *Doe v. United States*, 833 F.3d 192 (2d Cir. 2016), the Court lacks jurisdiction to grant Petitioner relief in light of the Second Circuit's holding in *Doe*. (Gov't Opp'n 1–2.)

## II. Discussion

### a. Standard of review

Federal district courts lack subject matter jurisdiction to expunge lawful convictions, except in limited circumstances provided for by statute,[3] and cannot exercise ancillary jurisdiction to do so. *Doe*, 833 F.3d at 196–97 (explaining that the court was "not persuaded that the [d]istrict [c]ourt had subject matter jurisdiction to decide" the motion to expunge because none of the Federal Rules of Criminal Procedure "remotely suggest[] . . . that district courts

---

[2] Courts apply the same standard in analyzing motions to seal and motions to expunge criminal records. *See Doe v. United States*, 833 F.3d 192, 196 n.1 & n.2 (2d Cir. 2016) (using the words "expunge," "seal" and "delete" interchangeably with respect to arrest or conviction records).

[3] Pursuant to 18 U.S.C. § 3607(c), certain first-time drug offenders who were less than twenty-one years old at the time of the offense may be placed on probation, and, at the end of that term of probation, "the court shall enter an expungement order." 18 U.S.C. § 3607(c); *see also Doe v. United States*, 833 F.3d at 199 (describing this statute and 18 U.S.C. § 5021(b), a statute repealed in 1984 that provided for a youthful offender's conviction to be set aside upon discharge from probation). Other federal provisions provide for the expungement of deoxyribonucleic acid ("DNA") records if a conviction is overturned, *see* 10 U.S.C. § 1565(e) (records held by the Department of Defense); 42 U.S.C. § 14132(d) (FBI DNA records), and for the expungement of an involuntary bankruptcy under certain circumstances, 11 U.S.C. § 303(k)(3) (records pertaining to involuntary bankruptcy).

retain jurisdiction over any type of motion years after a criminal case has concluded," and that none of the recognized bases for ancillary jurisdiction applied). While district courts have ancillary jurisdiction to expunge "*arrest* records after an order of dismissal," *id.* at 197 (citing *United States v. Schnitzer*, 567 F.2d 536, 538 (2d Cir. 1977)), they have no jurisdiction to expunge records of conviction because "expunging a record of conviction on equitable grounds is entirely unnecessary to 'manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees,'" *id.* at 198 (alterations in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994)).

b. **Petitioner's motion to expunge**

Petitioner does not challenge the validity of his conviction for the unlicensed sale of firearms. (*See* Pet'r Mot.) Nor does Petitioner point to any statutory exception that would confer jurisdiction upon the Court to consider his motion. (*See id.*) Accordingly, the Court lacks jurisdiction to consider the petition. *See Doe*, 833 F.3d at 196–97 (explaining that there was no basis to exercise supplemental jurisdiction "years after a criminal case has concluded" and no basis for ancillary jurisdiction over motions to seal or expunge the record of a valid conviction); *Mount v. United States*, No. 19-MC-3043, 2021 WL 722434, at *1 (E.D.N.Y. Feb. 24, 2021) (noting that under Second Circuit law, district courts "do not have jurisdiction to expunge valid criminal convictions" (citing *Doe*, 833 F.3d at 97)); *Patterson v. United States*, No. 19-MC-2986, 2020 WL 5820155, at *1 (E.D.N.Y. Sept. 30, 2020) (denying motion to expunge or seal criminal record because "the [d]istrict [c]ourt ha[s] no authority to expunge the records of a valid conviction" (quoting *Doe*, 833 F.3d at 199)); *United States v. Rodriguez*, No. 01-CR-497, 2020 WL 881991, at *2 (S.D.N.Y. Feb. 24, 2020) ("The [c]ourt does not have jurisdiction to expunge criminal records based solely upon equitable grounds such as those cited by [the] [p]etitioner,

namely his belief that the criminal conviction(s) in this case may be preventing his advancement in the workplace."); *Melvin v. United States*, No. 18-MC-3359, 2019 WL 5394646, at *2 (E.D.N.Y. Oct. 21, 2019) (dismissing petition for expungement because the "petitioner [did] not challenge the validity of her conviction, and the underlying criminal case concluded almost a decade ago. . . . [and] [p]etitioner has not supplied other facts that could distinguish her case from *Doe* or qualify for the limited exceptions that would allow the [c]ourt to consider the motion"); *United States v. Lysaght*, No. 97-CR-644, 2018 WL 5928461, at *2 (S.D.N.Y. Nov. 14, 2018) (holding that the court did not have jurisdiction over petition to expunge in light of *Doe* where the petitioner's sentencing "occurred more than [twenty] years ago, and [the petitioner] has long since completed his sentence"); *United States v. King*, No. 14-CR-357, 2017 WL 4326492, at *2 (E.D.N.Y. Sept. 28, 2017) (denying request to seal or expunge conviction on jurisdictional grounds and recognizing that the court did not have ancillary jurisdiction to seal or expunge a criminal conviction on equitable grounds).

### III. Conclusion

For the foregoing reasons, the Court denies without prejudice the petition to expunge Petitioner's criminal record.

Dated: May 24, 2021
       Brooklyn, New York

                                    SO ORDERED:

                                            s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge